UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX A. RIVERA, JR.,<br><br>        Petitioner,<br><br>    v.<br><br>DOERER,<br><br>        Respondent. | Case No. 1:24-cv-01577-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO DISMISS CONSTRUED AS A § 2255 PETITION<br><br>(Doc. No. 9)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION[1]<br><br>(Doc. No. 14)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Felix A. Rivera, Jr. ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court on December 23, 2024. (Doc. No. 1, "Petition"). The Petition challenges the calculation of Petitioner's sentence by the Bureau of Prisons ("BOP"). (*Id*. at 2-3). On March 3, 2025, before Respondent's response to the Petition was due, Petitioner

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1  filed a pleading titled "Motion to Dismiss" "pursuant to Fed. Civ. R. 12(b)(1)," indicating the
2  nature of relief sought was to have his federal "indictment quashed, conviction set [aside], record
3  expunged, sentence vacated and released from custody." (Doc. No. 9). Respondent did not file a
4  response to Petitioner's Motion. (*See* docket).
5      On April 7, 2025, Respondent filed a Motion to Dismiss in response to the Petition. (Doc.
6  No. 14). Respondent seeks dismissal of the Petition due to Petitioner's failure to exhaust his
7  administrative remedies. (*Id*. at 4). In the alternative, Respondent contends the Petition fails on
8  the merits. (*Id*. at 3-4). As of the date of these Findings and Recommendation, Petitioner has not
9  filed a response in opposition to Respondent's Motion to Dismiss, nor requested an extension of
10 time to respond, and the time for doing so has well expired. (*See* Doc. No. 7 at ¶ 4, advising
11 Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to
12 dismiss). For the reasons set forth more fully herein, the undersigned recommends denying
13 Petitioner's Motion to Dismiss and granting Respondent's Motion to Dismiss.
14                     **I.  BACKGROUND**
15     **A.  Procedural History**
16        **1. State Proceedings**
17     On November 30, 2017, Petitioner was sentenced in Florida state court to time served and
18 24-months probation for felony battery (Florida Case No. 2017-CF-1117). *See* Doc. No. 14-1 at ¶
19 5, Exh. 3. On June 15, 2018, while on probation, Petitioner was arrested by the Florida Sherriff's
20 Department for possession of a firearm by a convicted felon, carrying a concealed firearm,
21 resisting officers with violence, two counts of battery on a law enforcement officer, and violation
22 of probation in case number 2017-CF-1117 (Florida Case No. 2018-CF-5652). *Id*. at ¶ 6, Exhs. 3,
23 4, 6, 8. On July 16, 2018, the state charges in 2018-CF-5652 were dismissed. *Id*. at ¶ 8, Exh. 9.
24 On September 20, 2018, Petitioner was sentenced in Florida state case number 2017-CF-1117 to
25 24-months incarceration for violation of probation, service of which was completed on August
26 18, 2019. *Id*. at ¶ 9, 11, Exhs. 10, 14.
27        **2. Federal Proceedings**
28     On July 11, 2018, while he was in custody in the state of Florida, an indictment was

returned in the Middle District of Florida ("MDFL") charging Petitioner with knowingly possessing a firearm or ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  *See United States v. Rivera*, case no. 18-cr-323-T-24AAS, Crim. Doc. Nos. 1 (M.D. Fl.)[2]; Doc. No. 14-1 at ¶ 7, Exhs. 7, 12.  On December 20, 2018, Petitioner was "loaned" from Florida state authorities to the MDFL pursuant to a writ of habeas corpus ad prosequendum ("WHCAP").  Doc. No. 14-1 at ¶ 10, Exh. 11.  Between December 20, 2018, the date the WHCAP was executed, and August 18, 2019, when Petitioner completed his Florida state incarceration debt, Petitioner was in federal custody "on loan" under the WHCAP.  *Id*. at ¶ 14, Exhs. 13, 14.  Thus, Petitioner came into exclusive federal custody on August 19, 2019, the day after he satisfied his state obligation.  *Id*.  On March 10, 2020, after jury trial, Petitioner was sentenced *inter alia* to serve 360-months federal imprisonment.  *See* Crim. Doc. No. 146; Doc. No. 14-1 at ¶ 12, Exh. 1.  The BOP applied 204 days of prior custody credit from August 19, 2019, the day after his state obligation was fulfilled, through March 9, 2020, the day before his federal sentence was imposed, toward Petitioner's federal sentence.  Doc. No. 14-1 at ¶ 17, Exh. 2.  Assuming good conduct time offset, Petitioner has a projected release date of August 21, 2045.  *Id*.

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

---

[2] The undersigned cites to the record in Petitioner's underlying MDFL criminal cases as "Crim. Doc. No. _."

3

**A. Petitioner's Motion to Dismiss**

In Petitioner's "Motion to Dismiss," he seeks dismissal of the underlying federal indictment in his "original" Middle District of Florida case for lack of subject matter jurisdiction. (Doc. No. 1 (citing Fed. R. Civ. P. 12(b)(1)). As relief, Plaintiff seeks "indictment quashed, conviction set [aside], record expunged, sentence vacated and released from custody." (*Id*. at 12). First, the Motion to Dismiss appears to allege a new claim for relief that is entirely unrelated to the claim in his Petition asserting the BOP erred in calculating his sentence. Petitioner did not file a motion to amend the Petition under Federal Rule of Civil Procedure 15, and any request to amend would not be looked upon favorably by the Court for several reasons. First, as noted *supra*, Petitioner's Motion to Dismiss his indictment and vacate his sentence in the MDFL are unrelated to the execution of his sentence claim raised in the Petition, and challenge different determinations by separate entities. Petitioner cannot challenge different determinations, regardless of whether they were judicial or administrative, in a single action. *See* Rule 2(e) of the Rules Governing Section 2254 and Section 2255 Cases ("A petitioner who seeks relief form judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").

Second, a § 2241 petition is generally reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Conversely, federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion, and that motion must be heard by the court of conviction—here the Middle District of Florida. *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). In limited circumstances, pursuant to § 2255(e), "the savings clause preserves recourse" for federal prisoners to challenge the legality of their confinement through a § 2241 petition "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023); 28 U.S.C. § 2255(e). However, Petitioner makes no argument, nor does the Court discern, any "unusual circumstances" preventing Petitioner from seeking relief in the Middle District of Florida such that he would satisfy the savings clause criteria of § 2255(e). Thus, the Court would lack jurisdiction over the

4

claim in Petitioner's construed § 2255 motion regarding the legality of his confinement.

For the foregoing reasons, the undersigned recommends denying Petitioner's motion to dismiss his federal indictment and vacate his sentence in the Middle District of Florida.

**B. Respondent's Motion to Dismiss**

    **1. Exhaustion**

"Federal prisoners [generally] are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition is judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Because exhaustion is not required by statute, it is not jurisdictional. *Id.* (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). If petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id*.

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. *See Quinonez v. McGrew*, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of a § 2241 petition where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile"). However, the Court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing v.*

*Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

When seeking administrative remedies, an inmate must first attempt informal resolution (BP-8). 28 C.F.R. § 542.13. Thereafter, the BOP makes available a formal three-level Administrative Remedy Program: (1) a Request for Administrative Remedy (BP-9) filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal (BP-10) filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal (BP-11) filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Respondent argues Petitioner failed to exhaust the administrative remedy process, and therefore, the BOP did not have the opportunity to review Petitioner's sentence claim they erred in calculating his sentence. (Doc. No. 14 at 4; Doc. No. 14-1 at 4-5 (noting Petitioner's attempt to file an administrative remedy request at the regional level was rejected because he filed it prior to filing at Petitioner's institution, and he filed the complaint with the wrong regional office)). In the Petition, Petitioner indicates he filed an appeal at the "institutional level," checks the box "yes" that he completed the grievance process, and he attaches to the Petition an "informal resolution form" dated November 19, 2024 along with the reasons given for denying his request. Doc. No. 1 at 3-4, 7). However, Petitioner did not submit evidence that he attempted any level of the formal three-level administrative remedy program, nor did Petitioner submit a response to Respondent's argument that his Petition should be dismissed for failure to exhaust. (*See* docket). After reviewing the documents submitted by both parties, it appears Petitioner has not fully exhausted his administrative remedies. Regardless, the Court declines to make a finding on exhaustion because, as discussed below, Petitioner's sole ground for relief has no merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("AEDPA expressly permits courts to deny habeas petitions on the merits despite a failure to exhaust.

### 2. The BOP Properly Executed Petitioner's Sentences

A federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, but a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. *See, e.g., Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward federal custody); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) (asserting petitioner should be housed at a community treatment center); *Barden v. Keohane*, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing BOP erred in determining whether petitioner could receive credit for time spent in state custody); *United States v. Brown*, 610 F.2d 672, 677 (9th Cir. 1980) (challenging content of inaccurate pre-sentence report used to deny parole).

Here, Petitioner claims the BOP's computation of his sentence unlawfully effects the length of his sentence. Thus, the claim is proper under 28 U.S.C. § 2241 as it challenges the execution of Petitioner's sentence rather than the sentence's imposition. *See, e.g., Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) (upholding BOP's computation of good time credits and expected release date).

Under 18 U.S.C. § 3585, the Attorney General, through the BOP, is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992). "After a defendant is sentenced, the BOP is responsible for determining (i) the date the federal sentence 'commences'; (ii) whether the defendant should receive credit for time spent in custody before the sentence 'commenced'; and (iii) whether the defendant should be awarded credit for 'good time.'" *Tompkins v. Graber*, 2015 WL 1536289, at *5 (D. Ar. Apr. 6, 2015) (citing 18 U.S.C. § 3585(a) and (b); *Wilson*, 503 U.S. at 331-32 (BOP determines credit issues, not district courts)).

1  Pursuant to 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is
2  received in custody" at the "official detention facility at which the sentence is to be served."
3  Thus, "a federal sentence cannot commence until a prisoner is sentenced in federal district court."
4  *Schleining*, 642 F.3d at 1244; BOP Program Statement 5880.28, Sentence Computation Manual
5  (CCCA of 1984) at 1-13 ("In no case can a federal sentence of imprisonment commence earlier
6  than the date on which it is imposed").  A federal prisoner is entitled to "credit toward the service
7  of a term of imprisonment for any time he has spent in official detention prior to the date the
8  sentence commences … that has not been credited against another sentence."  18 U.S.C. §
9  3585(b)(2); *see also Schleining*, 642 F.3d at 1245 n.2 (noting Petitioner's term in state custody
10 before the imposition of his federal sentence was credited against his state sentence, "[t]herefore,
11 the BOP would not have been able to credit that time against [petitioner's] federal sentence.").

12     Petitioner argues the BOP miscalculated his "jail time credit" as starting from August 19,
13 2019, as opposed to July 11, 2018 when he was "surrendered to federal custody."  (Doc. No. 1 at
14 2-3).  Liberally construed, Petitioner appears to claim that he should have received credit for time
15 served in federal custody starting on July 11, 2018, the date the indictment was returned against
16 him in the MDFL, and presumably should have continued receiving credit through December 20,
17 2018, the date he was loaned from Florida state authorities to the MDFL, until August 18, 2019
18 when he completed his state sentence.  (Doc. No. 1 at 2-3).  Respondent argues the BOP did not
19 err in calculating Petitioner's sentence.  The Court agrees.

20     "It is well-established that if a sovereign takes a defendant into its custody before another
21 sovereign has done so, then the arresting sovereign establishes its primary jurisdiction and may
22 give effect to its sentence before other sovereigns may do so." *Johnson v. Gill*, 883 F.3d 756,
23 764-65 (9th Cir. 2018); *see also Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991) ("As a
24 general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial,
25 sentencing, and incarceration.").  The first sovereign here was the state of Florida, because
26 Petitioner was arrested by the Florida Sherriff's Department on June 15, 2018 on charges
27 including, but not limited to, violation of probation in Florida case number 2017-CF-1117.  Doc.
28 14-1 at 2, Exh. 6.  Regardless of the federal indictment filed against Petitioner in the MDFL on

1  July 11, 2018, the state of Florida retained primary jurisdiction and custody of Petitioner. *See*
2  *Johnson*, 883 F.3d at 765 ("A sovereign's priority terminates when the sentence expires, charges
3  are dismissed, or the prisoner is allowed to go free."); *Schleining*, 642 F.3d at 1244 ("a federal
4  sentence cannot commence until a prisoner is sentenced in federal district court.").

5  On September 20, 2018, Petitioner was sentenced in Florida state court to a 24-month
6  term of imprisonment for violation of probation. Doc. No. 14-1 at 2, Exh. 10. On December 20,
7  2018, Petitioner was borrowed from Florida state authorities pursuant to a federal WHCAP issued
8  by the federal sentencing court. *Id.* at 3, Exh. 11. "When an accused is transferred pursuant to a
9  WHCAP he is considered to be on loan to the federal authorities so that the sending state's
10 jurisdiction over the accused continues uninterruptedly." *Thomas*, 923 F.2d at 1367; *Silvas-*
11 *Rodriguez v. Apker*, 2018 WL 6809435, at *4 (E.D. Cal. Dec. 27, 2018) ("Petitioner was not in
12 federal custody pursuant to the WHCAP and cannot receive credit toward his federal sentence.").
13 Thus, Petitioner remained in uninterrupted Florida state primary jurisdiction from June 15, 2018,
14 the date he was arrested and taken into custody by Florida state law enforcement officials,
15 through August 18, 2019 when Petitioner completed his state prison term for the parole violation
16 with the benefit of state custody credit. *See* Doc. No. 14-1 at 2-3; *Johnson*, 883 F.3d at 765
17 (noting sovereign's priority terminates when sentence expires). Petitioner entered exclusive
18 federal custody on August 19, 2019, at which time the BOP correctly commenced his federal
19 incarceration debt. Doc. No. 14-1 at 3, Exh. 14.

20 As to time credits, a federal prisoner is entitled to "credit toward the service of a term of
21 imprisonment for any time he has spent in official detention prior to the date the sentence
22 commences ... *that has not been credited against another sentence*." 18 U.S.C. § 3585(b)(2)
23 (emphasis added). Here, the BOP correctly applied 204 days of prior custody credit from August
24 19, 2019, the day after Petitioner completed his state sentence, through March 9, 2020, the day
25 before his federal sentence was imposed. Doc. No. 14-1 at 4, Exh. 2. Moreover, as noted by
26 Respondent, Petitioner received 356 days of prior custody credit against his state sentence (Doc.
27 No. 14-1 at 4, Exh. 15); thus, Petitioner is not entitled to any separate or additional credit for the
28 time he spent in state custody, including time while he was on loan from Florida state authorities

to the MDFL under the WHCAP, because it was already properly credited toward his state sentence. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337 ("Congress made it clear that a defendant could not receive a double credit for his detention time."); *Blanc v. Taylor*, 2025 WL 1727069, at *7 (E.D. Cal. June 20, 2025) ("Because Petitioner already received state credit for the time he served on his state sentence, he is barred from an award of credit for his prior custody on his federal sentence under § 3585(b).") (collecting cases).

Based on the foregoing, Petitioner has not shown that the BOP committed legal error in the execution of his sentence. As Petitioner has failed to establish that his continuing confinement is unlawful, he is not entitled to habeas corpus relief on his § 2241 Petition.

Accordingly, it is **RECOMMENDED**:

1. Petitioner's Motion to Dismiss (Doc. No. 9) be DENIED.
2. Respondent's Motion to Dismiss (Doc. No. 14) be GRANTED to the extent the Petition is denied on the merits.

////

////

////

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     July 28, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE