**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIX A. RIVERA, JR.,<br><br>   Petitioner,<br><br>  v.<br><br>DOERER,<br><br>   Respondent. | Case No.: 1:24-cv-01577 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO DISMISS, GRANTING RESPONDENT'S MOTION TO DISMISS TO THE EXTENT THE PETITION WAS DENIED ON THE MERITS, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 1, 9, 14, 15) |

Felix A. Rivera, Jr., a federal prisoner, is proceeding pro se with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting a sentence calculation error by the Bureau of Prisons. (Doc. 1.) Petitioner then moved for dismissal of the underlying federal indictment pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting a lack of subject matter jurisdiction. (Doc. 9.) Respondent moved to dismiss the petition, asserting Petitioner did not exhaust his administrative remedies and the petition failed on the merits. (Doc. 14.)

Addressing Petitioner's motion to dismiss, the magistrate judge observed that Petitioner "appears to allege a new claim for relief that is entirely unrelated to the claim in his Petition asserting the BOP erred in calculating his sentence." (Doc. 15 at 4.) The magistrate judge noted that "Petitioner did not file a motion to amend the Petition under Federal Rule of Civil Procedure 15, and any request to amend would not be looked upon favorably by the Court…" (*Id.*) To the

1

1  extent Petitioner challenged the indictment, the magistrate judge found such could not be raised
2  before this Court because it is "unrelated to the execution of his sentence claim raised in the
3  Petition, and challenge[s] different determinations by separate entities." (*Id.*)  In addition, the
4  magistrate judge found this "Court would lack jurisdiction over the claim in Petitioner's
5  construed § 2255 motion regarding the legality of his confinement," because such should be
6  raised in the court of conviction, the Middle District of Florida.  (*Id.* at 4-5.)  Therefore, the
7  magistrate judge recommended the Court "deny[] Petitioner's motion to dismiss his federal
8  indictment and vacate his sentence in the Middle District of Florida." (*Id.* at 5.)

9  The magistrate judge also found that it appeared Petitioner did "not fully exhaust[] his
10 administrative remedies" before filing the petition.  (Doc. 15 at 6.)  However, the magistrate
11 judge declined to make a finding as to exhaustion, because "Petitioner's sole ground for relief has
12 no merit." (*Id.*, citing 28 U.S.C. § 2254(b)(2) ["An application for a writ of habeas corpus may
13 be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies
14 available in the courts of the State"]; *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).)
15 Specifically, the magistrate judge found that "the BOP did not err in calculating Petitioner's
16 sentence."  (*Id.* at 8; *see also id.* at 8-10.)  The magistrate judge found that contrary to Petitioner's
17 argument, he was "not entitled to any separate or additional credit for the time he spent in state
18 custody, including time while he was on loan from Florida state authorities to the MDFL under
19 the [writ of habeas corpus ad prosequendum], because it was already properly credited toward his
20 state sentence." (*Id.* at 9-10.)  Therefore, the magistrate judge found Petitioner was "not entitled
21 to habeas corpus relief on his § 2241 Petition," and recommended the Court grant Respondent's
22 motion to dismiss, to the extent the Petition was denied on the merits.  (*Id.* at 10.)

23 The Court served the Findings and Recommendations upon all parties and notified them
24 that any objections were due within 14 days after service.  In addition, the Court advised the
25 parties that "failure to file objections within the specified time may result in the waiver of rights
26 on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v.*
27 *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  Respondent did not file any objections.

28 Petitioner timely filed objections, consisting of a single sentence: "In accordance with

Federal Civil Rule 12 (b)(1) all actions must stop and the issue of subject matter jurisdiction must be found." (Doc. 16 at 1.) Thus, Petitioner reiterates the argument made in his motion to dismiss, but he does not address the specific findings of the magistrate judge concerning his motion and the Petition, or the legal bases for these findings. Towards this end, Petitioner fails to make any objections to the factual or legal findings by the magistrate judge. *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific"); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("[a] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate judge's report"); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (noting the court "will not manufacture arguments" for parties).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Next, the Court determines whether to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Notably, the Ninth Circuit indicated that "[w]here a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). Generally, the Court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the Court's determinations here debatable or wrong, or that issues presented are deserving of encouragement to proceed further. Petitioner also does not make the required substantial showing of the denial of a constitutional right. Consequently, to the extent the petition is a disguised Section 2255 motion, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 28, 2025 (Doc. 15) are **ADOPTED** in full.
2. Petitioner's motion to dismiss (Doc. 9) is **DENIED**.
3. Respondent's motion to dismiss (Doc. 14) is **GRANTED**, to the extent the petition is addressed on the merits.
4. The petition for writ of habeas corpus (Doc. 1) is **DENIED** on the merits.
5. The Court declines to issue a certificate of appealability.
6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 19, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE